PHILLIP A. TALBERT
United States Attorney
KERRY BLACKBURN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTONIO VIGIL,<br>  aka, "NEGRO,"<br><br>  Defendant. | CASE NO.  2:24-CR-0065 DJC<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER |

## I.   STIPULATION

1. The United States of America, by and through Assistant United States Attorney Kerry Blackburn, together with Mike Hansen, counsel for Antonio Vigil ("Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources, and/or that contain personal identifying information ("PII") and other confidential information of real persons.

2. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3. On June 27, 2024, the Grand Jury returned a Superseding Indictment charging the Defendant with violations of Title 21 of the United States Code including a violation of 21 U.S.C. §§ 846, 841(a)(1).

4. On November 13, 2024, the Honorable Judge Allison Claire granted the motion of Julissa Echevarria, counsel for Defendant, to withdraw from this matter upon an entry of appearance being filed by Mike Hansen.  Docs. 66, 67.

5. On November 15, 2024, Mr. Hansen filed his proposed substitution of attorney.  Doc. 68. The Court granted this request on November 19, 2024.

6. Prior to this date, all other counsel on this matter entered into a protective order.  Docs. 6, 65.

7. The Government has provided initial discovery to defense counsel on this case, aside from Mr. Hansen.  The Government will shortly be distributing additional voluminous discovery. The Government has disclosed and will continue to disclose materials that could more clearly identify undercover agents and/or confidential sources.  The Government seeks to do so pursuant to its discovery obligations, although some of the materials may exceed the scope of the Government's discovery obligations and will be produced to promote a prompt and just resolution of the case.

8. The materials may include, but not be limited to: (1) audio recordings, video recordings, photographs, investigative reports and/or other documents that could identify law enforcement undercover agents and/or confidential sources; and (2) materials containing PII and other confidential information of real persons.  These real persons are third parties, codefendants, and/or witnesses to this case.  This discovery will be considered "Protected Material" as described in this stipulation and order, as will any other discovery marked as Protected Material.

9. The purpose of this stipulation and order is to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to any Protected Material in this case and the information therein.

10. The Government shall produce the Material to Defense Counsel, designating the discovery with the bates prefix, "VIGILETAL_PM_."  This discovery, and any subsequent material discovered by the Government to Defense Counsel using this bates-prefix, shall be considered Protected Material.

11. All Protected Material in this case is now and will forever remain the property of the Government. It is entrusted to Defense Counsel only for purposes of representing the Defendant during the pendency of this case.

12. Defense Counsel shall not give any Protected Material to any person other than Defense Counsel's staff assisting in preparation of the present case. The term "staff" shall explicitly include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter. The term excludes any other defendant in this matter or any other pending matter against the Defendants; any person involved in any case in which discovery concerning the Defendants are produced; and any other person other than those specifically authorized to see Protected Material under this paragraph.

13. Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

14. No members of the Defendant's family, friends of the Defendant, personal or professional associates of the Defendant, or any other person affiliated with the Defendant or any Defendant in a related case shall be given access to any Protected Material or its contents in any manner, for any reason.

15. Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case. If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

16. Defense Counsel shall maintain a list of persons to whom any Protected Material is being or has been given. Such persons shall be provided with a copy of the executed version of this stipulation and order, shall sign their full names to a copy, and shall in writing acknowledge that they understand its terms and are bound by it. If Defense Counsel is replaced for any reason, or if new counsel is appointed

in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order.

17. Defense Counsel may use the Protected Material in the defense of their client in the instant case in any manner deemed essential to adequately represent him (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with this stipulation and order as it shall be originally prepared and signed.

18. In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation and order amended by the District Court, after having given notice to counsel for the Government, in a hearing before the District Court, to meet the obligations under the Sixth Amendment to the United States Constitution.

19. Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with Defendant the contents of the Protected Material. Defense Counsel and authorized members of his/her staff, however, are prohibited from in any way giving Defendant any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected Material; or summaries of any of the Protected Material. This prohibition will not extend to the Defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

20. Defense Counsel is authorized to show copies of the Protected Material to potential witnesses in this case. Defense Counsel is prohibited, however, from in any way giving any potential

[CONTINUED ON NEXT PAGE]

witness any Protected Material, or any memorialization of the content of any of it; or allowing any potential witness to make a copy or in any way memorialize the contents of any Protected Material.

                                                Respectfully Submitted,

Dated:  November 14, 2024         PHILLIP A. TALBERT
                                            United States Attorney

                                    By:  /s/ KERRY BLACKBURN
                                           KERRY BLACKBURN
                                           Assistant United States Attorney

Dated:  November 19, 2024         /s/ MIKE HANSEN
                                            MIKE HANSEN
                                           Counsel for Defendant Antonio Vigil

**[PROPOSED] FINDINGS AND ORDER**

      The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

      IT IS SO FOUND AND ORDERED this 20th day of November 2024.

                                            THE HONORABLE CHI SOO KIM
                                            UNITED STATES MAGISTRATE JUDGE